FILED _____ ENTERED
LODGED _____ RECEIVED

APR 24 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

The Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSHUA J. HELMAN,

Defendant.

NO. CR25-019TL

**PLEA AGREEMENT**

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Stephen Hobbs of the Western District of Washington and Joshua Helman and defendant's attorneys Corey Endo and Adriane Manigo, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Superseding Information.

    a.    *Unlawful Possession of a Firearm and Ammunition*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1).

    b.    *Theft from a Bank ATM*, as charged in Count 2, in violation of Title 18, United States Code, Section 2113(b).

Plea Agreement - 1
*United States v. Helman*, CR25-019TL

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses.** The elements of the charged crimes are as follows:

*Unlawful Possession of a Firearm and Ammunition*, as charged in Count 1:

    a.  The Defendant knowingly possessed a firearm and ammunition,

    b.  The firearm and ammunition had been shipped and transported in interstate or foreign commerce,

    c.  At the time the Defendant possessed the firearm and ammunition the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and

    d.  At the time the Defendant possessed the firearm and ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*Theft from a Bank ATM*, as charged in Count 2:

    a.  The Defendant took or carried away with intent to steal or purloin, money exceeding $1,000;

    b.  The money belonged to, or was in the care, custody, control, management, or possession of any bank or credit union; and

    c.  The bank or credit union was an institution the deposits or accounts of which were insured by the Federal Deposit Insurance Corporation or by the National Credit Union Administration Board.

3.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

*Unlawful Possession of a Firearm and Ammunition*, in violation of Title 18, United States Code, Section 922(g)(1): a maximum term of imprisonment of up to 15

Plea Agreement - 2
*United States v. Helman*, CR25-019TL

years, a fine of up to $250,000, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of one hundred dollars ($100).

*Theft from a Bank ATM*, as charged in Count 2, in violation of Title 18, United States Code, Section 2113(b): a maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

Plea Agreement - 3
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.      **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

      a.     The right to plead not guilty and to persist in a plea of not guilty;

      b.     The right to a speedy and public trial before a jury of Defendant's peers;

      c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.     The right to confront and cross-examine witnesses against Defendant at trial;

      f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.     The right to appeal a finding of guilt or any pretrial rulings.

5.      **United States Sentencing Guidelines.** Defendant understands and acknowledges that, before accepting the terms of this Plea Agreement, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

Plea Agreement - 4
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing.

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law; and

c.    Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    **Statement of Facts.** Defendant admits he is guilty of the charged offenses. The parties agree on the following facts:

### Count 1 (Unlawful Possession of a Firearm)

a.    On December 22, 2024, Auburn Police Department Officers encountered Helman slumped over the steering wheel of a vehicle in the parking lot of a 7-11 convenience store. No other individuals were in the vehicle. Officers saw a pistol magazine on the front seat and what appeared to be a pistol jammed between the driver's seat and the console. Helman was ordered out of the vehicle and eventually complied.

b.    Officers seized a Ruger P94 9mm pistol, serial number 308-62632, loaded with a live round in the chamber and a magazine containing eight rounds. Officers also seized a rifle magazine loaded with 23 rounds of "300 Black Out" ammunition. Helman admits he possessed this pistol and ammunition and that they are involved in the charged offense (Count 1).

c.    The pistol and ammunition described in the previous paragraph were all manufactured outside the State of Washington and had traveled in interstate or foreign commerce prior to being possessed by Helman.

g.    Prior to the above events, Helman had been convicted, and knew he had been convicted of the following crimes for which he received a sentence of imprisonment of more than one year:

Plea Agreement - 5
*United States v. Helman*, CR25-019TL

i. *Possession of a Stolen Firearm*, in United States District Court for the Western District of Washington, under case number CR15-068RAJ, on or about October 16, 2015.

### Count 2 (Theft from a Bank ATM)

a. On the dates set forth below, the Defendant admits that he took or carried away with intent to steal money from bank or credit union ATM machines and that the money belonged to, or was in the care, custody, control, management, or possession of, the bank or credit union.

| Date | Bank | Loss |
|---|---|---|
| 06/08/24 | BECU 4431 MLK Way South, Seattle, WA | $130,000 cash loss |
| 10/07/24 | BECU 4431 MLK Way South, Seattle, WA | $280,000 cash loss |
| 10/09/24 | Wells Fargo 310 West McGraw Street, Seattle, WA | $300,000 cash loss |
| 11/20/24 | Bank of America 1640 Duvall Avenue NE, Renton, WA | $371,000 cash loss |
| 11/29/24 | Banner Bank 34600 Pacific Highway South, Federal Way, WA | Property damage only |

b. The event described above that occurred on November 20, 2024, constitutes the crime set forth in Count 2 of the superseding information. The events that occurred on June 8, 2024, October 7, 2024, October 9, 2024, and November 29, 2024, constitute relevant

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

uncharged conduct. The defendant agrees that these thefts would be considered as relevant conduct for the purposes of sentencing.

    c.    BECU, Well Fargo, Bank of America, and Banner Bank are institutions the deposits or accounts of which were insured by the Federal Deposit Insurance Corporation or by the National Credit Union Administration Board at the time of the events described above.

    d.    Defendant admits that he personally obtained at least $1,081,000 from his commission of the offense (Count 2) and uncharged conduct described above.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

    8.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    For Count 1, *Unlawful Possession of a Firearm*, a Base Offense Level of 14 pursuant to USSG §2K2.1(a)(6).

    b.    For Count 2, *Theft from a Bank ATM*, a Base Offense Level of 6 pursuant to USSG §2B1.1(a)(2) and +14 increase for a loss amount between $550,000 and $1,500,000, pursuant to USSG §2B2.1(b)(1)(H).

    c.    A +1 increase to the highest Offense Level for multiple counts, pursuant to USSG §3D1.4.

    d.    Total Offense Level of 21 before Acceptance of Responsibility.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant agrees that the relevant conduct described in Paragraph 7 above will be considered when calculating his Guidelines range Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Supervised Release Violations under CR15-068.** As part of this plea agreement, the Defendant agrees to admit all pending supervised release violations under CR15-068.

11. **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend a sentence as follows:

a. ~~The defendant may request whatever sentence he believes is appropriate.~~

b. The ~~government~~ _parties_ will request a sentence of 37 months incarceration under this cause number (CR25-019) to run concurrently to 8 months for the supervised release violations under CR15-068.

Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution**. Defendant shall make restitution to the entities set forth below in the amount set forth below, with credit for any amounts already paid.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Date | Bank | Loss |
|------|------|------|
| 06/08/24 | BECU<br>4431 MLK Way South, Seattle, WA | $130,000 cash loss |
| 10/07/24 | BECU<br>4431 MLK Way South, Seattle, WA | $280,000 cash loss |
| 10/09/24 | Wells Fargo<br>310 West McGraw Street, Seattle, WA | $300,000 cash loss |
| 11/20/24 | Bank of America<br>1640 Duvall Avenue NE, Renton, WA | $371,000 cash loss |

a.      The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest

Plea Agreement - 9
*United States v. Helman*, CR25-019TL

and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13.      **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms, and any associated ammunition, involved in his commission of *Unlawful Possession of a Firearm and Ammunition*, the offense set forth in Count 1 of the Superseding Information. All such property is forfeitable pursuant to Title 18, United

Plea Agreement - 10
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

a. a Ruger P94 9mm pistol, serial number 308-62632;

b. approximately 9 rounds of associated ammunition, and

c. approximately 23 rounds of "300 Black Out" ammunition.

Defendant also agrees to forfeit to the United States immediately all of his right, title, and interest in any property that constitutes or is traceable to proceeds he obtained, directly or indirectly, from the Theft from a Bank ATM offense, set forth in Count 2 of the Superseding Information, including but not limited to a sum of money in the amount of $371,000, reflecting the proceeds he personally obtained from commission of the offense.

Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. Defendant further understands and acknowledges to request restoration, the United States Attorney's Office (the "USAO") must send a request to the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice, that includes the representations outlined in the Asset Forfeiture Policy Manual (2023), Chapter 14, Sec. II.B. and 28 C.F.R. Part 9.8, which are summarized as follows: (i) all known victims have been properly notified of the restitution proceedings and are properly accounted for in the restitution order; (ii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, the losses described in the restitution order have been verified, comport with the remission requirements, and reflect all sources of compensation received by the victims, including returns on investments, interest payments, insurance proceeds, refunds, settlement payments, lawsuit awards, and any other sources of compensation for their losses; (iii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, reasonable efforts to locate additional assets establish that the victims do not have recourse reasonably available to obtain compensation for their losses from other

Plea Agreement - 11
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

assets, including those owned or controlled by the defendant(s); and (iv) there is no evidence to suggest that any of the victims knowingly contributed to, participated in, benefitted from, or acted in a willfully blind manner, toward the commission of the offenses underlying the forfeiture or a related offense. The USAO agrees that if it can make these required representations, then the USAO will submit a restoration request to MLARS, seeking approval for any assets forfeited to be restored to the victims in this case, which may, in turn, satisfy in full or part any restitution order. Defendant further understands and acknowledges that the Attorney General, or his/her designee, has the sole discretion to approve or deny the restoration request. The United States also agrees that the amount Defendant pays toward restitution will be credited against this forfeited sum.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.  Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets were involved in the commission of *Unlawful Possession of a Firearm and Ammunition*, the offense set forth in Count 1, or constitute or are traceable to proceeds of the Defendant's commission of Theft from a Bank ATM, the offense set forth in Count 2.

Plea Agreement - 12
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Abandonment of Contraband.** Defendant agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 13
*United States v. Helman*, CR25-019TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.     **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.     **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

Plea Agreement - 14
*United States v. Helman*, CR25-019TL

19.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of _____April_____, 2025.

_____
JOSHUA J. HELMAN
Defendant

_____
COREY ENDO
ADRIANE MANIGO
Attorneys for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

WDWA USAO.Plea Agr.Version 14.Released 08.30.2024

Plea Agreement - 15
*United States v. Helman*, CR25-019TL